NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Appellant*

**v.**

**IBG LLC, INTERACTIVE BROKERS LLC,**
*Appellees*

**UNITED STATES,**
*Intervenor*

———————————

2018-1105

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2016-00009.

-------------------------------------------------------------

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Appellant*

**v.**

**IBG LLC, INTERACTIVE BROKERS LLC,**
*Appellees*

**UNITED STATES,**
*Intervenor*

_____

2018-1302

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2016-00054.

-------------------------------------------------------------

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Appellant*

**v.**

**IBG LLC, INTERACTIVE BROKERS LLC,**
*Appellees*

**UNITED STATES,**
*Intervenor*

_____

2018-1438

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2016-00087.

-------------------------------------------------------------

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**

*Appellant*

v.

**UNITED STATES, ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenors*

————————————

2018-1443

————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2016-00086.

————————————

Decided: May 21, 2019

————————————

MICHAEL DAVID GANNON, Baker & Hostetler LLP, Chicago, IL, argued for appellant. Also represented by LEIF R. SIGMOND, JR., JENNIFER KURCZ; ALAINA J. LAKAWICZ, Philadelphia, PA; STEVEN BORSAND, JAY QUENTIN KNOBLOCH, Trading Technologies International, Inc., Chicago, IL.

BYRON LEROY PICKARD, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for appellees in 2018-1105, 2018-1302, 2018-1438. Also represented by ROBERT EVAN SOKOHL, RICHARD M. BEMBEN, JON WRIGHT.

KATHERINE TWOMEY ALLEN, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor United States. Also represented

by MARK R. FREEMAN, SCOTT R. MCINTOSH, JOSEPH H. HUNT; THOMAS W. KRAUSE, JOSEPH MATAL, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

AMY J. NELSON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor Andrei Iancu in 2018-1443. Also represented by THOMAS W. KRAUSE, JOSEPH MATAL, FARHEENA YASMEEN RASHEED.

————————————

Before HUGHES, MAYER, and LINN, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Trading Technologies International, Inc., appeals four Covered Business Method Review decisions of the Patent Trial and Appeal Board finding Trading Technologies' patents ineligible under 35 U.S.C. § 101. Recently, this Court issued two precedential opinions affirming Board decisions finding several of Trading Technologies related patents unpatentable under § 101. *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084 (Fed. Cir. 2019) (*IBG I*); *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378 (Fed. Cir. 2019) (*IBG II*). The parties submitted supplemental briefing on whether *IBG I* dictated the outcome of the present appeals. The parties also discussed the effect of *IBG I* and *IBG II* at oral argument.

We are not persuaded by Trading Technologies' arguments that the patents at issue here, U.S. Patent Nos. 7,412,416 B2; 7,818,247 B2; 7,685,055 B2; and 7,693,768 B2, are distinguishable from the patents invalidated in *IBG I* and *IBG II*. Like *IBG I* and *IBG II*, the challenged patents "focus[] on improving the trader, not the functioning of the computer." *IBG II*, 921 F.3d at 1383; *see also IBG I*, 921 F.3d at 1091. Although these patents may provide different information than the patents in *IBG I* and

*IBG II*, information is "intangible" and its "particular content . . . does not change its character as information." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). We therefore hold that *IBG I* and *IBG II* control and affirm the Board's decisions.

We also find Trading Technologies waived its constitutional arguments. *See IBG II*, 921 F.3d at 1385.

## AFFIRMED